IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HORATIO M. NIMLEY,            | : | |
|     Plaintiff,                | : | |
|                               | : | |
| v.                            | : | CIVIL ACTION NO. 22-CV-4145 |
|                               | : | |
| JAMES, *et al.*,              | : | |
|     Defendants.               | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                   **MARCH 17, 2023**

Plaintiff Horatio M. Nimley, a convicted prisoner currently incarcerated at the Montgomery County Correctional Facility, filed a *pro se* complaint asserting claims arising from the loss of personal property following the alleged premature termination of his lease. Currently before the Court are Nimley's Amended Complaint ("Am. Compl.") (ECF No. 10),[1] his Motion for Leave to Proceed *in Forma Pauperis*, and his Prisoner Trust Fund Account Statement, and his Motion to Appoint Counsel. (ECF Nos. 8, 9, 11.) For the following reasons, the Court will grant Nimley leave to proceed *in forma pauperis* and dismiss his Amended Complaint without prejudice for lack of jurisdiction, and deny his Motion to Appoint Counsel.

---

[1] Before the Court had an opportunity to screen his original Complaint, Nimley filed an Amended Complaint. An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)*, cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

I.     **FACTUAL ALLEGATIONS**[2]

Nimley asserts claims against Walter Davis and James, whose last name Nimley does not know. (Am. Compl. at 4.) He alleges that Davis, his landlord, and James, Davis's building manager, broke into Nimley's rented room and stole his personal property in August 2022.[3] (*Id.* at 5.) Nimley claims that this constituted an unlawful eviction because his rent was paid through the lease expiration date of September 2022. (*Id.*) He alleges that James admitted going into Nimley's room without Nimley's permission and removing Nimley's property. (*Id.*) Nimley claims that he has experienced mental stress and agitation arising from the status of his property. (*Id.*) He seeks an award of money damages. (*Id.* at 7.)

II.    **STANDARD OF REVIEW**

Because Nimley appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

---

[2] The allegations set forth in this Memorandum are taken from Nimley's Amended Complaint. (ECF No. 10.) The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

[3] The publicly available docket in *Commonwealth v. Nimley*, CP-46-CR-5046-2022 (C.P. Montgomery) reflects that Nimley was arrested and incarcerated on August 4, 2022 in connection with offenses that allegedly occurred on August 3, 2022. The criminal charges against him are pending.

[4] However, as Nimley is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Nimley is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Additionally, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.   DISCUSSION

Nimley's Amended Complaint is best read as asserting state law claims for conversion, trespass, and breach of contract.[5] The only independent basis for jurisdiction over those claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to

---

[5] Nimley completed the Court's current standard form for a prisoner filing a 42 U.S.C. § 1983 civil rights complaint.  Section 1983 is the vehicle by which federal constitutional claims may be brought in federal court.  However, § 1983 is "not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Significantly, "a civil rights action brought [under] section 1983 is sustainable against state actors only." *Boyd v. Pearson*, 346 Fed. App'x 814, 816 (3d Cir. 2009) (citing *Bright v. Westmoreland Cty.*, 380 F.3d 729, 736 (3d Cir. 2004).

Nimley has not identified a basis for a § 1983 claim against either of the Defendants and has not alleged that they were state actors or acting under color of state law at the time of the events described.  Therefore, to the extent Nimley sought to assert a § 1983 claim, his allegations are insufficient to invoke this Court's federal question jurisdiction. *Beazer E., Inc. v. Mead Corp.*, 525 F.3d 255, 261-62 (3d Cir. 2008) (jurisdiction does not attach "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." (internal citations omitted)); *see also Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (*per curiam*) (references to civil rights and cites to civil rights statutes did not create federal question jurisdiction over what was essentially a tort case).

remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Nimley provides a prison address for himself, but in his original Complaint, he alleged that he rented a room from Defendant Davis in Philadelphia. (ECF No. 2 at 1.) Nimley does not allege the citizenship of the named Defendants but does provides Pennsylvania addresses for them. (Am. Compl. at 4.) Nimley has not met his burden to sufficiently allege that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

Even if Nimley had plausibly alleged that the parties were diverse, he cannot satisfy the amount in controversy requirement. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Gp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). In his Amended Complaint, Nimley seeks recovery of $8,700.00 in compensatory damages, $10,000.00 in punitive damages, and the return of his $600.00 security deposit. (Am Compl. at 7.) Accordingly, Nimley cannot satisfy the amount in controversy requirement because his claim for less than $20,000.00 in

5

damages falls far short of the $75,000.00 required under § 1332(a). For these reasons, Nimley's Amended Complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the reasons stated, the Court will grant Nimley leave to proceed *in forma pauperis* and dismiss his Amended Complaint without prejudice for lack of subject matter jurisdiction. Nimley will not be granted leave to amend these claims because any attempt at amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Nimley's Motion to Appoint Counsel will be denied as moot. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate Order follows.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, J.**